UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA VALLE, | ) Case no. EDCV 09-0735-RC |
| Plaintiff, | ) |
| | ) OPINION AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Yolanda Valle filed a complaint on April 16, 2009, seeking review of the Commissioner's decision denying her application for disability benefits. On October 2, 2009, the Commissioner answered the complaint, and the parties filed a joint stipulation on November 23, 2009.

## BACKGROUND

On July 6, 2006,[1] plaintiff, who was born on April 8, 1951, applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act, claiming an inability to work

---

[1] On April 22, 2002, plaintiff previously applied for disability benefits, and on June 6, 2003, after an administrative hearing, plaintiff was found not to be disabled. Certified Administrative Record ("A.R.") 38-46.

1  since June 7, 2003,[2] due to right arm and right foot injuries.  A.R.
2  91-102, 110.  The plaintiff's applications were initially denied on
3  October 10, 2006, and were denied again on February 28, 2007,
4  following reconsideration.  A.R. 52-56, 60-64.  The plaintiff then
5  requested an administrative hearing, which was held before
6  Administrative Law Judge Thomas P. Tielens ("the ALJ") on June 9,
7  2008.  A.R. 21-37, 65.  On September 16, 2008, the ALJ issued a
8  decision finding plaintiff is not disabled.  A.R. 10-20.  The
9  plaintiff appealed this decision to the Appeals Council, which denied
10 review on February 11, 2009.  A.R. 1-9.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).  "In determining whether the Commissioner's findings are supported by substantial evidence, [this Court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001).  "Where the evidence can reasonably support

---

[2] Plaintiff initially claimed an onset date of October 24, 2001, A.R. 91, 98, but later amended her onset date to June 7, 2003.  A.R. 28.

either affirming or reversing the decision, [this Court] may not substitute [its] judgment for that of the Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Vasquez, 572 F.3d at 591.

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. §§ 404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, in the **Fourth Step**, the

ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since her alleged onset date. (Step One). The ALJ then found plaintiff has the following severe impairments: "a history of upper extremity injury in 1999, status post elbow surgery in 2000; and a history of right ankle injury in 2000, status post ankle surgery in 2002"[3] (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). Finally, the ALJ determined plaintiff is able to perform her past relevant work as a teacher's aide and general office clerk; therefore, she is not disabled. (Step Four).

**II**

A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001);

---

[3] "As noted in the June 16, [sic] 2003 hearing decision, the [plaintiff] injured her right elbow while working as a teacher's aide in 1999 and underwent elbow surgery in 2000. The [plaintiff] injured her right ankle in a fall while working as a teacher's aide in 2000 and underwent ankle surgery in 2002." A.R. 16.

see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift)"). Here, the ALJ found plaintiff has the RFC to perform light work or, alternately, a limited range of light work,[4] as follows:

> she is limited to occasional climbing, bending, stooping, kneeling, crouching, and crawling; she is unable to climb ladders, ropes, and scaffolds; she is limited to frequent (not constant) gripping and fine manipulations with the right (dominant) upper extremity; and she must avoid concentrated exposure to heat, cold, and hazards such as heights and moving machinery.

A.R. 17. However, plaintiff contends the RFC is not supported by substantial evidence because the ALJ erroneously determined she was not a credible witness and improperly failed to consider the type, dosage, and side effects of her medications.

//

---

[4] Under Social Security regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b). "[T]he full range of light work requires standing or walking for up to two-thirds of the workday." Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984); SSR 83-10, 1983 WL 31251, *6.

**A.   Credibility:**

At the administrative hearing, plaintiff testified she is unable to work due to pain in her hips and knees, right arm, elbow, hand and fingers, and right leg and foot.  A.R. 28-29.  She also stated it is difficult for her to lift books, move desks and tables, and write for long periods of time.  A.R. 28, 31.  The plaintiff stated she can stand for only two to three minutes and slowly walk for five to ten minutes before having to sit down.  A.R. 30.  She also testified she cannot lift a gallon of milk, she can only lift a half gallon of milk with her left arm, and she uses her non-dominant left hand to brush her teeth because the toothbrush hurts her right hand.  A.R. 32-33.

Once a claimant has presented objective evidence that she suffers from an impairment that could cause pain or other nonexertional limitations,[5] the ALJ may not discredit the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).  Thus, if the ALJ finds the claimant's subjective complaints are not credible, he "'must provide specific, cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007).  "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness,

---

[5]  "While most cases discuss excess pain testimony rather than excess symptom testimony, rules developed to assure proper consideration of excess pain apply equally to other medically related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88 (9th Cir. 1989).

inconsistencies in testimony or between testimony and conduct, daily activities, and 'unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.'" Orn, 495 F.3d at 636 (citations omitted); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Furthermore, if there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Vasquez, 572 F.3d at 591.

Here, the ALJ found plaintiff was not credible for several reasons supported by the record.[6] First, the ALJ found plaintiff's complaints of disabling pain were contradicted by the medical record, which demonstrates plaintiff's condition is no worse now than it was in 2003, when the Commissioner previously determined plaintiff was capable of performing light work and was not disabled -- both findings plaintiff does not challenge here. A.R. 16-18, 42-46. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony[,]" Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008); see also Stubbs-Danielson

---

[6] Although the Court affirms the ALJ's adverse credibility determination, the ALJ also gave several reasons for this credibility determination that are **not** supported by substantial evidence in the record, including the findings that plaintiff "has been consistently advised that she is able to return to her past work" and plaintiff's complaints are not credible because she "is able to attend classes and perform typical daily activities." A.R. 18.

v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (ALJ properly rejected claimant's testimony, in part, because her "allegations as to the intensity, persistence and limiting effects of her symptoms are disproportionate and not supported by the objective medical findings nor any other corroborating evidence."), and this finding is supported by substantial evidence in the record.

Second, the ALJ found that plaintiff did not receive any medical treatment for her right ankle for two years -- from May 2003 to May 2005 -- and plaintiff did not receive any medical treatment for her right elbow after February 2004, A.R. 16, 18, and plaintiff does not dispute these findings. See Jt. Stip. at 2:20-23, 3:14-6:2, 10:16-24. "The ALJ is permitted to consider lack of treatment in his credibility determination[,]" Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's . . . testimony."); thus, these findings also support the ALJ's adverse credibility determination.

Finally, the ALJ found that plaintiff "has never been advised to take any pain medication other than ibuprofen." A.R. 18. Since "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment[,]" Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); see also Meanel, 172 F.3d at 1114 (Claimant's "claim that she experienced pain approaching the highest level imaginable was

inconsistent with the 'minimal, conservative treatment' that she received."); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ properly concluded claimant's excess pain testimony was not credible because, among other reasons, claimant's treating physician prescribed only conservative treatment, "suggesting a lower level of both pain and functional limitation"), this finding also supports the ALJ's adverse credibility determination.  All of these findings "provide[] 'clear and convincing' reasons for rejecting [plaintiff's] testimony as not credible."  Tommasetti v. Astrue, 533 F.3d 1035, 1037 (9th Cir. 2008).

**B.  Medication Side Effects:**

"[S]ide effects [of medication] can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as to their limiting effects should not be trivialized."  Varney v. Sec'y of Health & Human Servs., 846 F.2d 581, 585 (9th Cir. 1988).  Thus, in determining a claimant's limitations, the ALJ must consider all factors that might have a significant impact on a claimant's ability to work, including the side effects of medication, Erickson v. Shalala, 9 F.3d 813, 817-18 (9th Cir. 1993, and the ALJ may disregard a claimant's testimony about such side effects only if he "support[s] that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medication(s)."  Varney, 846 F.2d at 585.

Here, plaintiff noted in a questionnaire that she takes Ibuprofen 600 mg., which makes her tired, drowsy, confused, slow, and constipated, and gives her stomach cramps, A.R. 133; however, she did

**not** testify about these side effects at the administrative hearing, and she points to nothing in the medical record showing she ever told any treating or examining physician about these side effects. Thus, the ALJ was not required to further consider any purported medication side effects. See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (ALJ did not err when claimant did not report alleged side effect of medication to any physician during relevant period); Thomas, 278 F.3d at 960 (ALJ properly rejected claimant's alleged side effects when claimant "offer[ed] no objective evidence that her medications . . . caused" these side effects, and ALJ found claimant lacked credibility); Morillas v. Astrue, __ Fed. Appx. __, 2010 WL 1141520, *3 (9th Cir. 2010) ("The ALJ . . . reasonably discounted [claimant's] testimony about the side-effects of her medications [when] [n]othing in the medical records reflected any complaint to her health providers that her medications made her drowsy, and there was no evidence of any assessed functional limitation from her medications."). Thus, there is no merit to this claim by petitioner.

### III

The ALJ determined in Step Four that plaintiff is able to perform her past relevant work as a general office clerk and teacher's aide, based on plaintiff's RFC, and the testimony of vocational expert Steven Davis. However, plaintiff contends this finding is not supported by substantial evidence because the ALJ posed an incomplete hypothetical question to the vocational expert. There is no merit to this claim.

It is indisputable that hypothetical questions to a vocational

10

expert must consider all of the claimant's limitations, <u>Valentine</u>, 574 F.3d at 690; <u>Thomas</u>, 278 F.3d at 956, and "[t]he ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record." <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999). "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1995) (quoting <u>Delorme v. Sullivan</u>, 924 F.2d 841, 850 (9th Cir. 1991)); <u>Lewis v. Apfel</u>, 236 F.3d 503, 517 (9th Cir. 2001).

Here, the ALJ asked the vocational expert the following hypothetical question:

> [W]ith an individual the same age as our Claimant, who has the same educational background and past work experience. . . . I'd ask you to consider that this person could work in the light range, occasionally climbing, balancing, stooping, kneeling, crouching [and] crawling. Should not be asked to use ladders, ropes, or scaffolds. Would need to avoid concentrated exposure to heat, cold[], and hazards, such as . . . unprotected heights and moving machinery, and would have limits to the right upper extremity, which is the dominant extremity, limiting this hypothetical person to frequent gripping and fine manipulation with that upper extremity, not constant, but frequently. Could this hypothetical person perform any of our Claimant's past work?

//

```
 1  A.R. 35.  The vocational expert responded that such a person could
 2  work as a general office clerk or teacher's aide.  A.R. 35-36.
 3
 4      The plaintiff complains that the ALJ's hypothetical question to
 5  the vocational expert did not include the purported side effects of
 6  plaintiff's medication.  However, since this Court has determined that
 7  nothing in the record supports plaintiff's complaint of side effects,
 8  and further determined that plaintiff's credibility was properly
 9  discredited, these purported side effects are not a limitation on
10  plaintiff, and the ALJ was not required to include them in the
11  hypothetical question to the expert.  See Greger, 464 F.3d at 973 (9th
12  Cir. 2006) ("The ALJ . . . 'is free to accept or reject restrictions
13  in a hypothetical question that are not supported by substantial
14  evidence.'" (quoting Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th
15  Cir. 2001)); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)
16  ("[T]he ALJ did not err in omitting the other limitations that
17  claimant had claimed, but had failed to prove.").  The vocational
18  expert's testimony, thus, constitutes substantial evidence to support
19  the ALJ's Step Four determination that plaintiff can perform her past
20  relevant work.  Roberts, 66 F.3d at 184; Tylitzki v. Shalala, 999 F.2d
21  1411, 1415 (9th Cir. 1993).
```

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is denied; and (2) the Commissioner's decision is affirmed, and Judgment shall be entered in favor of defendant.

DATE:  June 7, 2010                    /S/ ROSALYN M. CHAPMAN
                                       ROSALYN M. CHAPMAN
                                       UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-0735.mdo - 6/7/10